UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **WENDY JONES** <br> 501 Griffin Street <br> Scranton, PA 18505 <br><br> Plaintiff, <br><br> v. <br><br> **ALLIED SERVICES SKILLED NURSING & REHAB. CENTER** <br> 303 Smallacombe Drive <br> Scranton, PA 18508 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | <br><br><br> JURY DEMANDED <br><br><br><br><br> No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Wendy Jones, (hereinafter "Plaintiff" or "Ms. Jones") is an adult individual residing at the above address.

2. Defendant, Allied Services Skilled Nursing & Rehab. Center (hereinafter "Defendant") is a limited liability company organized and existing under the laws of the Pennsylvania, registered to do business in the Commonwealth of Pennsylvania, and with a principle place of business at the above address.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of her employment with and for Defendant.

4. Ms. Jones exhausted her administrative remedies pursuant to the Equal Employment Opportunity. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, and applicable federal and state law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Jones was working for Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

8. On or about April 2019, Allied Services Skilled Nursing & Rehabilitation Center hired Ms. Jones as a Patient Finance Coordinator.

9. Ms. Jones is also diagnosed with pleurisy. Because of her pleurisy, Ms. Jones experiences chest pain, lung scarring, and has difficulty breathing. Ms. Jones's pleurisy is serious enough that it has resulted in her hospitalization on several occasions. However, Ms. Jones was always able to perform the functions of her job.

10. In response to the COVID-19 pandemic, Ms. Jones met with her pulmonologist, Dr. Gregory Cali. Dr. Cali also worked for Allied Services Skilled Nursing & Rehabilitation Center as their head pulmonologist.

11. After discussing Ms. Jones conditions and work environment with Dr. Cali, Dr. Cali advised Ms. Jones to limit her exposure to others. Accordingly, Dr. Cali wrote a letter on Ms. Jones's behalf.

12. This letter requested that Allied Services Skilled Nursing & Rehabilitation Center accommodate Ms. Jones by allowing her to complete her work within her office so that her exposure to patients and residents was limited.

13. Ms. Jones provided this letter to her supervisor, Brianna Hoban.

14. While Allied Services Skilled Nursing & Rehabilitation Center initially granted Ms. Jones this accommodation, and Ms. Jones was able to perform her job without any issue, in July 2020 Ms. Hoban informed Ms. Jones that Allied Services Skilled Nursing & Rehabilitation Center would no longer grant her this accommodation.

15. Ms. Hoban claimed that Ms. Jones was required to physically visit patients throughout the facility in order to discuss their finances. In response, Dr. Cali a second letter on Ms. Jones's behalf.

16. In this letter, Ms. Jones's pulmonologist asked that Allied Services Skilled Nursing & Rehabilitation Center provide Ms. Jones with proper personal protective equipment ("PPE") so that she could safely visit patients.
After Ms. Jones submitted this accommodation request, Ms. Hoban began disciplining Ms. Jones for trivial and/or nonexistent issues as pretext for discrimination and retaliation.

17. In August 2020, Ms. Hoban accused Ms. Jones of failing to complete work and of failing document her work on Allied Services Skilled Nursing & Rehabilitation Center's software system.

18. Ms. Jones later submitted a rebuttal to Ms. Hoban in which she demonstrated that she did, in fact, complete the work that had been assigned to her and that her work had been documented.

19. Ms. Jones complained of discrimination by asking Ms. Hoban to forward her rebuttal to Allied Services Skilled Nursing & Rehabilitation Center's Human Resources department.

20. Approximately three weeks later, Ms. Hoban again met with Ms. Jones. Ms. Hoban accused Ms. Jones of failing to notify an individual about a work-related issue.

21. However, Ms. Jones did – in fact – notify this individual, although this individual failed to respond to Ms. Jones's phone call and voice mail.

22. Ms. Hoban terminated Ms. Jones on February 2, 2021. Ms. Hoban informed Ms. Jones that she was being terminated because she had a messy office.

23. Allied Services Skilled Nursing & Rehabilitation Center's explanation for Ms. Jones's termination – that her office was messy – is pretextual.

24. Ms. Jones had previously asked Allied Services Skilled Nursing & Rehabilitation Center to provide her with additional space for her records, and Allied Services Skilled Nursing & Rehabilitation Center failed to do so.

25. As a direct and proximate result of Defendant's conduct in terminating Ms. Jones's employment, Ms. Jones has sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

## CAUSES OF ACTION

### COUNT I
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 et seq)

26. Ms. Jones incorporate the preceding paragraphs as if fully set forth at length herein.

27. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

28. Ms. Jones is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

29. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

30. At all times material hereto, Ms. Jones had a qualified disability, as described above.

31. Ms. Jones's disability includes a pre-existing back injury.

32. Ms. Jones's back injury substantially limits the major life activities of caring for herself, talking, caring for himself and working.

33. Defendant's conduct in terminating Ms. Jones is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

34. As a proximate result of Defendant's conduct, Ms. Jones sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Jones has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

35. As a result of the conduct of Defendants' owners/management, Ms. Jones hereby demands punitive damages.

36. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Ms. Jones demands attorneys' fees and court costs.

**COUNT II**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT**
**RETALIATION**
**(42 U.S.C.A. § 12101 et seq)**

37. Ms. Jones incorporate the preceding paragraphs as if fully set forth at length herein.

38. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based her exercising her rights under the Americans with Disabilities Act.

39. Ms. Jones is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

40. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

41. As set forth above, Ms. Jones engaged in protected activity when she complained about the fact that he felt targeted because of her disability.

42. As set forth above, Defendant's conduct in terminating Ms. Jones is an adverse employment action, was taken as a result of Ms. Jones engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

43. As a proximate result of Defendant's conduct, Ms. Jones sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Jones has also sustained work loss, loss

of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

44. As a result of the conduct of Defendants' owners/management, Ms. Jones hereby demands punitive damages.

45. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Ms. Jones demands attorneys' fees and court costs.

## COUNT III
## HOSTILE WORK ENVIRONMENT

46. Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

47. At all times material hereto, and pursuant to the Americans with Disabilities Act an employer may not discriminate against an employee based on her disability.

48. Plaintiff is a qualified employee and person within the definition of the Americans with Disabilities Act.

49. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act.

50. As described above, Plaintiff, in the course and scope of her employment, was subjected to a harassing and hostile work environment because of her disability.

51. Defendants failed to remedy the harassment despite actual or constructive knowledge.

52. Defendants' conduct constitutes a violation of the Americans with Disabilities Act.

53. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

54. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

55. Pursuant to the Americans with Disabilities Act Plaintiff demands attorney's fees and court costs.

## COUNT IV
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT
## (43 P.S. § 951, et. seq.)

56. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

57. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee as a result of that employee's disability.

58. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

59. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

60. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

61. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, consequential damages, and a permanent diminution of her earning power and capacity and a claim is made therefore.

62. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**COUNT V**

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## HOSTILE WORK ENVIRONMENT
### (P.S. §951, et sec)

63.  Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64.  At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on her race.

65.  Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

66.  Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

67.  As described above, Plaintiff, in the course and scope of her employment, was subjected to a harassing and hostile work environment.

68.  Defendants failed to remedy the harassment despite actual or constructive knowledge.

69.  Defendants' conduct constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

70.  Defendant is the owner of Defendant's establishment and Plaintiff's place of employment and is therefore liable in damages to Plaintiff for racial harassment.

71. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

72. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

73. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorney's fees and court costs.

## COUNT VI
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
## (43 P.S. § 955)

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

75. As set forth above, Plaintiff complained to her supervisor regarding disparate treatment and as such, Plaintiff was engaged in protected activity under the Pennsylvania Human Relations Act.

13

76. Defendant took adverse action against Plaintiff by criticizing her and terminating her employment.

77. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

78. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

79. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

80. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**WHEREFORE,** Plaintiff, Wendy Jones, demands judgment in her favor and against Defendant, Allied Services Skilled Nursing & Rehab. Center, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

Date: May 2, 2023

BY:   */s/ Briana Lynn Pearson, Esquire*
BRIANA LYNN PEARSON, ESQUIRE
(P.A. ID 327007)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: 215-944-6113
Telefax: 215-627-9426
Email: brianap@ericshore.com
*Attorney for Plaintiff, Wendy Jones*