## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY JONES, | |
| Plaintiff, | CIVIL ACTION NO. 3:23-CV-00725 |
| v. | (MEHALCHICK, J.) |
| ALLIED SERVICES SKILLED NURSING & REHAB CENTER, | |
| Defendant. | |

## MEMORANDUM

Before the Court is a partial motion to dismiss filed by Defendant Allied Services Skilled Nursing & Rehab. Center ("Allied Services") on November 6, 2023. (Doc. 14). On May 2, 2023, Plaintiff Wendy Jones ("Jones") initiated this civil rights action by filing a complaint on May 2, 2023, and an amended complaint on October 18, 2023. (Doc. 1; Doc. 13). For the following reasons, the partial motion to dismiss is **GRANTED** in part and **DENIED** in part.

## I.   BACKGROUND

On May 2, 2023, Jones initiated this action with the filing of a complaint against Allied Services pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955(a) and (d). (Doc. 1). On May 31, 2023, Allied Services filed a motion to a dismiss for failure to state a claim. (Doc. 5). In response, Jones filed a motion for leave to file an amended complaint, which the Court granted on October 16, 2023. (Doc. 9; Doc. 12). On October 18, 2023, Jones filed an amended complaint. (Doc. 13). In the amended complaint, Jones asserts the following causes of action: Count I – ADA Discrimination; Count II – Violation of the ADA Retaliation;

Count III –Violation of the PHRA Discrimination; Count IV – Violation of the PHRA Hostile Work Environment; Count V – Violation of the PHRA Retaliation. (Doc. 13).

The allegations in the Complaint outline the following events giving rise to this action: On or about April 2019, Allied Services hired Jones as a Patient Finance Coordinator. (Doc. 13, ¶ 8). Jones is also diagnosed with pleurisy. (Doc. 13, ¶ 9). Because of her pleurisy, Jones experiences chest pain, lung scarring, and has difficulty breathing. Jones's pleurisy is serious enough that it has resulted in her hospitalization on several occasions. However, Jones was always able to perform the functions of her job. (Doc. 13, ¶ 9). In response to the COVID-19 pandemic, Ms. Jones met with her pulmonologist, Dr. Gregory Cali. (Doc. 13, ¶ 10). Dr. Cali also worked for Allied Services as their head pulmonologist. (Doc. 13, ¶ 10). After discussing Jones conditions and work environment with Dr. Cali, Dr. Cali advised Jones to limit her exposure to others. Accordingly, Dr. Cali wrote a letter on Jones's behalf. (Doc. 13, ¶ 11). This letter requested that Allied Services accommodate Jones by allowing her to complete her work within her office so that her exposure to patients and residents was limited. (Doc. 13, ¶ 12). Jones provided this letter to her supervisor, Brianna Hoban ("Ms. Hoban). (Doc. 13, ¶ 13). While Allied Services initially granted Jones this accommodation, and Jones was able to perform her job without any issue, in July 2020 Ms. Hoban informed Jones that Allied Services Skilled Nursing & Rehabilitation Center would no longer grant her this accommodation. (Doc. 13, ¶ 14). Ms. Hoban claimed that Jones was required to physically visit patients throughout the facility in order to discuss their finances to which Dr. Cali, in response, sent second letter on Jones's behalf. (Doc. 13, ¶ 15). In this letter, Jones's pulmonologist asked that Allied Services Skilled provide Jones with proper personal protective equipment ("PPE") so that she could safely visit patients. (Doc. 13, ¶ 16). After Jones submitted this accommodation request, Ms. Hoban began disciplining Jones for trivial

and/or nonexistent issues as pretext for discrimination and retaliation. (Doc. 13, ¶ 16). In August 2020, Ms. Hoban accused Jones of failing to complete work and of failing to document her work on Allied Services software system. (Doc. 13, ¶ 17). Jones later submitted a rebuttal to Hoban in which she demonstrated that she did, in fact, complete the work that had been assigned to her and that her work had been documented. (Doc. 13, ¶ 18). Jones complained of discrimination by asking Ms. Hoban to forward her rebuttal to Allied Services. (Doc. 13, ¶ 19). Approximately three weeks later, Ms. Hoban again met with Jones and accused Jones of failing to notify an individual about a work-related issue. (Doc. 13, ¶ 20). However, Jones did notify this individual, although this individual failed to respond to Jones's phone call and voice mail. (Doc. 13, ¶ 21). Ms. Hoban terminated Jones on February 2, 2021. (Doc. 13, ¶ 22). Ms. Hoban informed Ms. Jones that she was being terminated because she had a messy office. (Doc. 13, ¶ 22). Allied Services explanation for Jones's termination – that her office was messy – is pretextual. (Doc. 13, ¶ 23). Jones had previously asked Allied Services to provide her with additional space for her records, and Allied Services Skilled Nursing & Rehabilitation Center failed to do so. (Doc. 13, ¶ 24). As a direct and proximate result of Defendant's conduct in terminating Jones's employment, Jones has sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below. (Doc. 13, ¶ 25).

On November 6, 2023, Defendants filed a partial motion to dismiss Counts I and IV against Allied Services. (Doc. 14). On November 10, 2023, Allied Services filed a brief in support of their motion to dismiss. (Doc. 16). On November 21, 2023, Jones filed a brief in opposition of Plaintiffs' motion. (Doc. 17). On December 5, 2023, Allied Services filed a reply brief. (Doc. 18). The partial motion to dismiss has been fully briefed and is now ripe for

disposition. (Doc. 14; Doc. 16; Doc, 17; Doc. 18).

**II.    STANDARDS OF LAW**

A.  MOTION TO DISMISS

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also

need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89,

93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

**III.    DISCUSSION**

A. COUNT IV: HOSTILE WORK ENVIRONMENT UNDER THE PHRA

In her opposition brief, Jones concedes that dismissal of Count IV of her amended complaint is appropriate. (Doc. 17-1, at 4). Accordingly, Count IV of Jones's amended complaint is **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

B. COUNT I: ADA DISABILITY DISCRIMINATION

Count I of the amended complaint pleads a claim for disability discrimination under the ADA. (Doc. 13, ¶ 26). Moving to dismiss Count I, Allied Services challenges whether Jones has alleged the first and final elements, that is, whether Jones was discriminated against due to a "pre-existing back injury," as the operative facts and charge for discrimination reference pleurisy (not a pre-existing a back injury).[1] (Doc. 18, at 3-4). The ADA prohibits employers from "discriminating 'against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.' " *Taylor*, 184 F.3d at 305 (quoting 42 U.S.C. ¶ 12112 (a)). To establish a claim under Title II of the ADA, a plaintiff must show that (1) she has a disability within the

---

[1] In its reply brief, Allied Services states that "[w]hile Defendant recognizes that this is likely the result of sloppy drafting, Defendant is frustrated because the exact issue was raised in Defendant's Partial Motion to Dismiss the Original Complaint, and despite being provided the opportunity to correct the error, Plaintiff never made the effort to do so." (Doc. 18, at 3-4). Although Jones's mistake was no doubt careless, with respect to the merits of the motion to dismiss, the Court finds dismissal inappropriate.

meaning of the ADA, (2) she was qualified to perform the essential functions of her job, with or without reasonable accommodations, and (3) she suffered an adverse employment action as a result of discrimination. *See McGlone v. Phila. Gas Works*, 733 F. App'x 606, 609-10 (3d Cir. 2018) (nonprecedential) (citing *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)).

Jones has adequately pled her claim for discrimination under the ADA. The Court finds that Jones has established the first two elements of an ADA disability discrimination claim. According to the amended complaint, Jones suffers from pleurisy, which causes her to have difficulty breathing. (Doc. 13, ¶ 9). Thus, Jones has sufficiently pleaded her condition qualifies her as a disabled person to satisfy the first element of her *prima facie* case. *See Bertig v. Julia Ribaudo Healthcare Grp., LLC*, No. 3:15CV2224, 2016 WL 3683439, at *4 (M.D. Pa. July 12, 2016) ("Regarding plaintiff's asthma, her condition limits her ability to breathe, a recognized major life activity.") Jones's pleurisy necessitated her need to limit her exposure to others during the COVID-19 pandemic. (Doc. 13, ¶¶ 11-12; 16). Jones requested accommodations, including that Allied Services allow her to complete her work within her office so that her exposure to patients and residents was limited, and when this accommodation was no longer feasible, that Allied Services provide Jones with personal protective equipment ("PPE") so that she could safely visit patients. (Doc. 13, ¶¶ 14-16). With these accommodations, Jones was able to perform her duties. (Doc. 13, ¶¶ 14, 16-18). She also suggested that the reasonable accommodation of providing her with PPE allowed her to safely visit patients. (Doc. 13, ¶ 16). Taking these allegations as true, the Court is satisfied that Jones adequately alleges that she is disabled within the meaning of the ADA and that she was able to perform the essential functions of her job.

The Court must now determine whether Jones has sufficiently pled that she suffered an adverse employment action as a result of her disability. The Supreme Court of the United States defines an adverse employment action as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits .... A tangible employment action in most cases inflicts direct economic harm." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *see also Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (defining an adverse employment action as "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.") (citations and internal quotation marks omitted).

Here, Jones has alleged that she suffered adverse employment action when she was terminated based on her disability. (Doc. 13, ¶¶ 22-25). Jones alleges that after she submitted her second accommodation request, Allied Services began disciplining her for trivial and/or nonexistent issues "as a pretext for discrimination and retaliation." (Doc. 13, ¶¶ 22-25; Doc. 13, ¶ 16). For example, Jones alleges that Ms. Hoban accused Jones of failing to complete work and of failing to document her work on Allied Services software system, when Jones demonstrated that she did complete the work and that her work had been documented. (Doc. 13, ¶¶ 17-18). Approximately three weeks later, Jones alleges that Ms. Hoban accused Jones of failing to notify an individual about a work-related issue when she did in fact notify this individual. (Doc. 13, ¶¶ 20-21). Jones then alleges that she terminated on February 2, 2021, for having a messy office, although Jones had previously asked Allied Services to provide her with additional space for her records, and Allied Services failed to do so. (Doc. 13, ¶¶ 22-24). At this early stage of the proceedings, these allegations are sufficient to support a reasonable inference that Jones was terminated because of her disability and not because of Defendant's

concerns regarding her performance. *See Reyes v. WHG Payroll Inc.*, No. CV 22-3828, 2023 WL 4552107, at *3 (E.D. Pa. July 14, 2023) (concluding plaintiff pled claim for ADA discrimination where she claimed defendant (1) required her to clean rooms by herself while the facility was understaffed despite her medical documentation stating she required "light duty status;" (2) harassed her throughout the day culminating in plaintiff filing a formal complaint; and (3) used an alleged pretextual performance "Plan" that preceded plaintiff's termination by three days to fire her and noting that pursuant to the applicable standard of review, "[t]he Court must adhere to the requirement that all alleged facts be construed in the light most favorable to Plaintiff, which, if done, supports a reasonable inference of a causal connection that her termination was due to her disability and request for leave for surgery."); *see also St. Marie v. Pike Telecom & Renewables*, LLC, No. CV 23-77, 2023 WL 3627856, at *3 (E.D. Pa. May 24, 2023) (concluding plaintiff's allegations were sufficient to support a reasonable inference that plaintiff was terminated because of her disability and not because of defendant's professed concerns regarding plaintiff's performance, where plaintiff alleged defendant " began criticizing plaintiff's work shortly after learning of the disability, and abruptly terminated plaintiff's employment weeks later). Accordingly, the motion to dismiss Count I of Jones's complaint is **DENIED**.

C.  Counts I, II, III, V: Jones's claims for compensatory and punitive damages

As a final matter, the Court considered whether Jones may maintain her claims for compensatory and punitive damages. Allied Services states that Jones's claims for punitive damages must be dismissed because Jones fails to allege that Allied Services engaged in a discriminatory practice with malice or reckless indifference. (Doc. 16, at 14). Allied Services also contends that that neither compensatory nor punitive damages are available for ADA

retaliation claims and that punitive damages are not available under the PHRA. (Doc. 16, at 14).

Here, Jones's request for punitive damages under the PHRA (Counts III, V) fails as a matter of law.[2] The Pennsylvania Supreme Court has held that punitive damages are not available under the PHRA. *See Hoy v. Angelone*, 720 A.2d 745, 751 (1998); *Tudor v. TBGHealth, Inc.*, 2022 WL 1004874, at *4 n.5 (M.D. Pa. April 2, 2022) (citing *Hoy*, 720 A.2d at 751). Allied Services is equally correct that punitive and compensatory damages are not available in an ADA retaliation claim (Count II). *Scopelliti v. Traditional Home Health & Hospice*, No. 3:18-CV-40, 2021 WL 4355585, at *3 (M.D. Pa. Sept. 24, 2021) ("[t]he weight of the case law supports a finding that punitive damages are not available in an ADA retaliation claim); *Keating v. Pittston City Hous. Auth.*, No. 3:17-CV-465, 2018 WL 1414459, at *6 (M.D. Pa. Mar. 21, 2018) ("Without guidance from the Third Circuit or the Supreme Court on this issue, this Court will not depart from the long line of District Court cases within this circuit that have consistently held that, with respect to a retaliation claim brought pursuant to the ADA, a plaintiff cannot recover compensatory damages and is not entitled to a jury trial); *Baker v. PPL Corp.*, 2010 WL 419417, at *1, *4-*8 (M.D. Pa. 2010). Accordingly, the Jones's claim for punitive damages against Allied Services under the PRHA (Counts III, V) and for compensatory and punitive damages for her retaliation claim under the ADA (Count II) will be **DISMISSED**.

---

[2] Allies Services also moves to dismiss Jones's claim for punitive damages as to her hostile work environment under the PHRA (Count IV). (Doc. 16, at 14). However, this issue need not be resolved because the Court has already dismissed Count IV of the amended complaint.

With respect to the remaining claim (Count I), the Court declines to grant the motion to dismiss the punitive damages. Punitive damages are available for Jones's claim of ADA discrimination. *Scopelliti,* 2021 WL 4355585, at *4; *See e.g.*, *Gagliardo v. Connaught Lab'ys, Inc.*, 311 F.3d 565 (3d Cir. 2002) (punitive damages available where jury found Defendant discriminated against plaintiff in violation of the ADA). Indeed, it would be premature to make the factual determinations required for an award of punitive damages at the motion to dismiss stage. *See Harvell v. Brumberger*, 2020 U.S. Dist. LEXIS 206828, at *20, 2020 WL 6947693 ("[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record at trial.") (citing *In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015)). Accordingly, the motion to dismiss the claim for punitive damages as to Count I will be **DENIED**.

## IV.   CONCLUSION

Based on the foregoing, Defendants' partial motion to dismiss is **GRANTED** in part and **DENIED** in part. Count IV against Allied Services is **DISMISSED WITH PREJUDICE**. Jones's claims for punitive damages against Allied Services under the PRHA (Counts III, V) and for compensatory and punitive damages for her retaliation claim under the ADA (Count II) are **DISMISSED WITH PREJUDICE**. The motion to dismiss the claim for punitive damages as to Count I and motion to dismiss Count IV of Jones's amended complaint are **DENIED**. An appropriate Order follows.

**Dated: April 9, 2024**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**